1  Abraham J. Colman (SBN 146933)
   Zachary C. Frampton (SBN 303225)
2  HOLLAND & KNIGHT LLP
   400 South Hope Street, 8th Floor
3  Los Angeles, CA  90071
   Tel.:  213.896.2400
4  Fax:  213.896.2450
   E-mail:   zac.frampton@hklaw.com
5  E-mail:   abe.colman@hklaw.com

6  Attorneys for Defendant
   Hyundai Capital America

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

| 11 | KATHERINE QUINN, on behalf of herself and all others similarly situated, | Case No.: |
|---|---|---|
| 12 | | [Removed from the Superior Court of California, Los Angeles County, Case No. 21STCV37386] |
| 13 | Plaintiff, | |
| 14 | v. | **DEFENDANT HYUNDAI CAPITAL AMERICA'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453** |
| 15 | HYUNDAI CAPITAL AMERICA, | |
| 16 | Defendant | |

17

18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF KATHERINE QUINN AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Hyundai Capital America ("HCA") hereby removes the action styled *Katherine Quinn et al. v. Hyundai Capital America*, Case No. 21STCV37386, now pending in the Superior Court for the State of California in and for the County of Los Angeles (the "State Court Action"), to the United States District Court for the Central District of California. Pursuant to 28 U.S.C. § 1332(d), 1441, 1446 and 1453, the Court may and should take jurisdiction over this action for all purposes for the following reasons:

## I.   STATEMENT OF JURISDICTION

1. HCA seeks removal of this class action under the Class Action Fairness Act ("CAFA") codified at 28 U.S.C. § 1332(d), which provides this Court with original jurisdiction of this matter and permits HCA to remove this matter to federal Court. CAFA vests the district courts with original jurisdiction when the aggregate amount in controversy for all putative class members exceeds $5 million (exclusive of interests or costs) and when any member of the putative class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). A class action against a non-government entity may be removed under CAFA if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, excluding interest and costs. 28 USC § 1332(d), (d)(5) & 1453(b). As demonstrated below, this action meets all of CAFA's removal requirements.

## II.   PROCEDURAL BACKGROUND

2. Plaintiff Katherine Quinn ("Plaintiff") filed this purported class action on October 12, 2021, alleging that HCA improperly failed to refund unearned fees related to Guaranteed Asset Protection ("GAP") Waiver Addendums in breach of its contracts with consumers and in violation of state statutory law. Complaint

("Compl.") ¶¶ 1-4.  Plaintiff alleges that HCA "knowingly collects and retains millions of dollars per year in unearned fees from automobile purchasers." *Id.* at ¶ 4.

3. The putative nationwide class (the "Nationwide Class") is defined as: "All persons who, during the applicable statute of limitations, entered into term finance agreements with GAP Waiver Addendums that were assigned to Hyundai Capital and who paid off their finance agreements before the end of the loan but did not receive a refund of unearned GAP fees." *Id.* at ¶36.

4. Plaintiff also asserts claims on behalf of a putative subclass of California residents (the "California Subclass"), which is defined as: "All persons who, during the applicable statute of limitations, entered into finance agreements in the State of California with GAP Waiver Addendums that were assigned to Hyundai Capital and who paid off their finance agreements before the end of the loan term but did not receive a refund of unearned GAP fees." *Id.* at ¶37.

5. The Complaint alleges four causes of action: (1) breach of contract including breach of the covenant of good faith and fair dealing, (2) violation of California Business and Professions Code § 17200 *et seq.* ("UCL"), (3) violation of California Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA") and, (4) unjust enrichment.  Plaintiff seeks an award of restitution of all alleged unearned and unrefunded GAP waiver fees, compensatory damages, punitive damages, attorney's fees, and injunctive relief prohibiting the alleged practices set forth in the Complaint. *Id.* at p. 15.

### III.  TIMELINESS OF REMOVAL

6. The Summons and Complaint were served on HCA on October 14, 2021.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been filed within 30 days of that date.

### IV.  VENUE

7. Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(c)(3), 1441, and 1446(a).  This action was

originally brought in Los Angeles County Superior Court, which is located within the Central District of California. Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V. JURISDICTION UNDER CAFA

8. Section 4 of CAFA sets forth the general rule that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

9. Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. §1332(d)(2) applies only to a class action in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more. 28 U.S.C. § 1332(d)(5).

10. This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by HCA pursuant to the provisions of 28 U.S.C. § 1441(a), because the putative plaintiff classes consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity between at least one proposed class member and HCA.

### A.  This Is A Class Action

11. CAFA defines a "class action" for the purposes of jurisdiction as any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.

12. Plaintiff filed this action in the Los Angeles Superior Court on behalf of herself and the putative Nationwide Class and California Subclass (the "Class"). Comp. ¶¶ 36, 37. Plaintiff alleges that the proposed Class likely contains "thousands" of members. Compl. ¶ 41. California Code of Civil Procedure § 382 is the

California state statute governing class actions and is similar to Rule 23. Plaintiff's claim is therefore a "class action" as defined by CAFA.

**B.     The Number Of Purported Class Members Exceeds 100**

13. Plaintiff purports to represent a putative class of all persons who, during the applicable statute of limitations, entered into term finance agreements with GAP Waiver Addendums that were assigned to Hyundai Capital and who paid off their finance agreements before the end of the loan but did not receive a refund of unearned GAP fees. Compl. ¶ 36.

14. Further, Plaintiff purports to represent a class of persons who entered into finance agreements in the State of California with GAP Waiver Addendums that were assigned to Hyundai Capital and who paid off their finance agreements before the end of the loan term but did not receive a refund of unearned GAP fees. *Id.* at ¶ 37.

15. Plaintiff alleges that the proposed class likely contains "thousands of members." *Id.* at ¶ 41.

16. Therefore, CAFA's minimum putative class size of 100 members is satisfied.

**C.     There Is Diversity Of Citizenship Between HCA And At Least One Purported Class Member**

17. In order to satisfy the diversity requirement, CAFA only requires that "any member of the proposed plaintiff class is a citizen of a state different from any defendant." 28 USC §1332(d)(2)(A).

18. HCA is a California corporation, with its principal place of business in Irvine, California. Comp. ¶ 8.

19. Plaintiff filed this action on behalf of a purported "Nationwide Class." Comp. ¶ 37.

20. Because HCA is a citizen of California, and the purported class members include plaintiffs from states other than California, CAFA's diversity of citizenship requirement is satisfied.

**D.  The Amount In Controversy Exceeds $5 Million**

21. Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Staff of S. Comm. on the Judiciary, 109th Cong., Rep. on The Class Action Fairness Act of 2005, 42 (Comm. Print 2005).

22. "In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

23. Assuming the allegations in the Complaint are true (which HCA denies), the aggregate amount in controversy, exclusive of interest and costs, exceeds $5 million as required by CAFA.  28 U.S.C § 1332(d)(2), (d)(6).

24. Plaintiff seeks an order awarding Plaintiff and each member of the class statutory damages, punitive damages per each violation, restitution of all monies paid, and attorney fees.  Comp. at p. 15.  Plaintiff also seeks an injunction prohibiting HCA from continuing to allegedly retain unearned GAP insurance premiums on a going forward basis.

25. Plaintiff alleges that HCA "knowingly collects and retains millions of dollars per year in unearned fees from automobile purchasers." *Id.* at ¶ 4.

26. Plaintiff asserts a breach of contract cause of action, which has a four-year statute of limitations.  Cal. Code Civ. P. § 337.

27. Thus, according to the Complaint, the amount in unearned fees that HCA purportedly retained in the last four years is at least $8,000,000 ($2 million per year over four years). This satisfies the amount in controversy requirement under the CAFA.

28. Moreover, Plaintiff seeks punitive damages. Compl. at p. 15. "In general, courts have applied a 1:1 multiplier to the economic damages to punitive damages to determine the amount of damages at issue under CAFA." *Calagno v. Rite Aid Corp.*, No. 4:20-CV-05476-YGR, 2020 WL 6700451, at *4 (N.D. Cal. Nov. 13, 2020); *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (concluding that a 1:1 multiplier for punitive damages under the CLRA was reasonable). Applying a 1:1 multiplier here, the amount in purported punitive damages would be $8 million. Together with economic damages, this brings the total amount in purported damages to $16 million.

29. In addition, for purposes of calculating the amount in controversy, courts in the Ninth Circuit estimate future fees as 25% to 33% of the award the class seeks. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that attorneys' fees may be included when calculating the amount in controversy). Adding 25% to the purported $16 million Plaintiff seeks brings the total amount (allegedly) in controversy to $20 million.[1]

30. Accordingly, the amount in controversy is satisfied even without taking into account the purported impact of an injunction that prohibits HCA from allegedly "collect[ing] and retain[ing] millions of dollars per year in unearned fees from automobile purchasers" on a going-forward basis. *Id.* at ¶ 4.

---

[1] Even if Plaintiff's allegation that HCA retains "millions of dollars per year" is awkwardly interpreted as singular, i.e., at least $1 million per year (rather than at least $2 million per year), the amount in controversy is still satisfied ($1 million X 4 years X 2 for alleged punitive damages + 25% for fees = $10 million).

### VI. JOINDER OF ALL SERVED DEFENDANTS

31. Because HCA is the only named Defendant, there is no requirement that other defendants join in this notice of removal.

### VII. STATE COURT PLEADINGS

32. Attached as **Exhibit 1** are true and correct copies of all of the process, pleadings and orders in the State Court action served on HCA.

### VIII. NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL

33. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk for the Superior court of the State of California in and for the County of Los Angeles.

**WHEREFORE**, for all of the foregoing reasons, HCA hereby removes the State Court Action now pending in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: November 12, 2021     **HOLLAND & KNIGHT LLP**

By: /s/ *Zachary C. Frampton*
Abraham J. Colman
Zachary C. Frampton
Attorneys for Defendant
Hyundai Capital America

# PROOF OF SERVICE

I, Zachary C. Frampton, declare as follows:

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 400 South Hope Street, 8th Floor, Los Angeles, CA 90071, in said County and State.

On **November 12, 2021**, I served the following document(s):

**NOTICE OF REMOVAL**

on the parties stated below, by the following means of service:

| | |
|---|---|
| **EDELSBERG LAW, P.A.**<br>Scott Edelsberg (CA Bar No. 330090)<br>scott@edelsberglaw.com<br>1925 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>Tel.: 305.975.3320<br>Fax: 786.623.0915 | **KALIELGOLD PLLC**<br>Jeffrey D. Kaliel (CA Bar No. 238293)<br>jkaliel@kalielpllc.com<br>1100 15th Street NW, 4th Floor<br>Washington, DC 20005<br>Telephone: (202) 305-4783 |
| **KALIELGOLD PLLC**<br>Sophia G. Gold (CA Bar No. 307971)<br>sgold@kalielgold.com<br>950 Gilman Street, Suite 200<br>Berkeley, CA 94710<br>Telephone: (202) 350-4783 | |

☑ **BY ELECTRONIC SERVICE:** On the above-mentioned date, based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

☑ **By MAIL**. I am readily familiar with this law firm's practice for collection and processing of documents for mailing with the U. S. Postal Service. The above-listed document(s) will be deposited with the U. S. Postal Service on the same day shown on this affidavit, in the ordinary course of business. I am the person who sealed and placed for collection and mailing the above-listed document(s) on this date at Irvine, California, following ordinary business practices.

☑   **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 12, 2021**.

/s/ Zachary C. Frampton
Zachary C. Frampton

Holland & Knight LLP
524 Grand Regency Boulevard
Brandon, FL 33510
Tel: 813.901.4200
Fax: 813.901.4201

NOTICE OF REMOVAL