# EXHIBIT "A"

21STCV37386

Electronically FILED by Superior Court of California, County of Los Angeles on 10/12/2021 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HYUNDAI CAPITAL AMERICA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KATHERINE QUINN, on behalf of herself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
| *(El nombre y dirección de la corte es):* LOS ANGELES COUNTY SUPERIOR COURT 111 N. Hill Street Los Angeles, CA 90012 | 21STCV37386 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott Edelsberg, Edelsberg Law, P.A.1925 Century Park E., #1700, Los Angeles, CA 90067 (305) 975-3320; scott@edelsberglaw.com

| DATE: *(Fecha)* 10/12/2021 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court, *(Secretario)* R. Lozano | Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Hyudai Capital America

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

21STCV37386

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Highberger

Electronically FILED by Superior Court of California, County of Los Angeles on 10/12/2021 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

**EDELSBERG LAW, P.A.**
Scott Edelsberg (CA Bar No. 330090)
scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 305-975-3320
Fax: 786-623-0915

**KALIELGOLD PLLC**
Jeffrey D. Kaliel (CA Bar No. 238293)
jkaliel@kalielpllc.com
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783

**KALIELGOLD PLLC**
Sophia G. Gold (CA Bar No. 307971)
sgold@kalielgold.com
950 Gilman Street, Suite 200
Berkeley, CA 94710
Telephone: (202) 350-4783

*Attorneys for Plaintiff and the Putative Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KATHERINE QUINN, on behalf of herself and all others similarly situated, | CASE NO.: 21STCV37386 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| HYUNDAI CAPITAL AMERICA, | |
| Defendant. | |



## CLASS ACTION COMPLAINT

Plaintiff Katherine Quinn files this action on behalf of herself and on behalf of all others similarly situated and alleges as follows upon personal knowledge with respect to Plaintiff's own acts and based upon information and belief as to all other matters.

## NATURE OF THE CASE

1.      Plaintiff brings this action on behalf of herself and all others similarly situated arising from Defendant Hyundai Capital America's ("Defendant" or "Hyundai Capital") practice of collecting and failing to refund unearned fees from Guaranteed Asset Protection Waiver Addendums ("GAP Waiver Addendum") in breach of its contracts with consumers.

2.      Under the terms of its contracts with consumers, Hyundai Capital is required to refund to consumers all unearned fees for GAP Waiver Addendums when consumers pay off their automobile finance agreements early.

3.      In breach of that promise, and in contravention of state statute, Hyundai Capital, as a matter of policy, fails to refund consumers of unearned fees when finance agreements terminate early.

4.      As a result of this practice, Hyundai Capital knowingly collects and retains millions of dollars per year in unearned fees from automobile purchasers.

5.      Hyundai Capital's policy and practice of retaining these unearned fees related to GAP Waiver Addendums when the underlying automobile loan is paid off early constitutes a breach of contract and an unfair business practice in violation of state consumer protection law.

6.      Plaintiff, on behalf of herself and the Class, seeks to end Hyundai Capital's practices and force it to refund unearned GAP fees. Plaintiff seeks damages, restitution, and injunctive relief on behalf of the general public.

## PARTIES

7.      Plaintiff, Katherine Quinn, resides in Los Angeles, California, and did at all relevant times during the conduct alleged in this Complaint.

///

///

8.     Defendant Hyundai Capital America is headquartered at 3161 Michelson Drive, Suite 1900, Irvine, California 92612. Hyundai Capital operates and conducts business, throughout the State of California.

**JURISDICTION AND VENUE**

9.     This Court has jurisdiction over Defendant and the claims set forth below pursuant to Code of Civil Procedure § 410.10 and the California Constitution, Article VI § 10, because this case is a cause not given by statute to the other trial courts.

10.     Plaintiff is informed and believes that the State of California has personal jurisdiction over the Defendant named in the action because Defendant is a corporation authorized to conduct and does conduct business in this State. Defendant is incorporated in California, maintains its corporate headquarters in California, is registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through the franchise ownership and operation of over 800 dealerships store locations nationwide, including in the County of Los Angeles, which has caused both obligations and liability of Defendant to arise in the County of Los Angeles.

11.     The amount in controversy exceeds the jurisdictional minimum of this Court.

**FACTUAL ALLEGATIONS**

A.     **GAP Waivers**

12.     If a consumer gets into accident and their car is deemed a "total loss," or if a consumer's car is stolen, the amount the consumer owes on their car loan may end up being more than the amount the insurance company is willing to pay for the consumer's loss. This difference between what an insurer is willing to pay and what the consumer still owes is known as the "gap."

13.     For both consumers and creditors, the risk that a consumer will not be able to cover the "gap" often makes financing untenable. Enter GAP products. GAP products allow consumers to cover the "gap" between the amount owed to the creditor and the proceeds from the insurance policy.

14.     GAP products were first introduced in the 1980s and have become increasingly popular over time. There are generally two types of GAP products. The first is GAP insurance.

1    GAP insurance is a contract between an insurance company and a consumer, in which the insurer

2    agrees to cover the consumer's GAP in the event of a total loss of the vehicle. With GAP insurance,

3    if a total loss occurs and the current value of the vehicle is worth less than the amount owed to the

4    creditor, then the insurance company will pay the creditor the difference. In other words, the

5    insurance company is paying off the loan balance on the consumer's behalf. The consumer pays

6    insurance premiums directly to the insurance company for this coverage. This case does not concern

7    GAP insurance.

8        15.    Instead, this case concerns GAP Waivers. GAP Waivers were developed as an

9    alternative to GAP Insurance. Unlike GAP Insurance, GAP Waivers are a "debt cancellation

10   agreement" rather than insurance, because with a GAP Waiver, the creditor agrees to write off the

11   "gap" in the event of a "total loss" or if the vehicle is stolen and the insurance proceeds are

12   insufficient to pay off the loan. The development of GAP Waivers have generally allowed the

13   automobile industry to circumvent insurance regulations and licensing requirements while offering

14   what is only a slightly modified version of GAP insurance.

15       16.    To obtain a GAP Waiver, the consumer and the vehicle seller, or dealer, execute a

16   GAP Waiver form. The GAP Waiver forms are form contracts that are offered to consumers on a

17   take-it-or-leave-it basis. The Gap Waiver form provides that if a consumer suffers a total loss, and

18   the insurance payout for the vehicle is insufficient to pay off the remaining loan balance, then the

19   creditor on the car financing agreement will agree to waive the difference, provided the consumer

20   pays a fee.

21       17.    These GAP fees are included as a separate line item in the vehicle purchase finance

22   agreement and are incrementally paid in monthly installments by the consumer over the life of the

23   loan, with interest, along with the rest of the purchase price of the vehicle.

24       18.    Importantly, Hyundai Capital's GAP Waiver Addendum provides that if the car

25   finance agreement is paid off prior to the end of the full loan term, then the GAP Waiver Addendum

26   will terminate, and then the consumer is entitled to a refund of the unused portion of the GAP

27   Waiver Addendum fees. Such a provision makes sense: consumers should not have to pay for a

28   service they no longer need and derive no benefit from.

19.     For example, if the total GAP fees for four years of GAP coverage are $1,000, but the consumer pays off their finance agreement in two years, then the consumer would be entitled to a $500 refund for the unused half of their GAP coverage. These GAP fees are considered "unearned" because once the finance agreement is paid off early, there is no possibility of a GAP and thus the consumer does not receive anything of value by paying for the GAP protection.

**B.     Hyundai Capital's Role as the Creditor on Finance Agreements with GAP Waivers**

20.     As noted above, the consumer initially enters the vehicle purchase finance agreement and GAP Waiver Addendum with the dealer—who is the initial "creditor" on the loan. But the dealer then sells and assigns the finance agreement with the GAP Waiver Addendum to a financial institution, like Hyundai Capital. Thereafter, the consumer's payments and interactions concerning the finance agreement are with Hyundai Capital. Once Hyundai Capital purchases the finance agreement and GAP Waiver Addendum, Hyundai Capital becomes the "creditor" on the loan, legally assuming the benefits and contractual obligations under the finance agreement and GAP Waiver Addendum. This includes the obligation to refund any unearned GAP fees it collects because of the early termination of the finance agreement.

21.     In this case, Plaintiff purchased her vehicle from Win Hyundai Carson, a Hyundai dealership located in Carson, California.

22.     It is apparent from the vehicle financing agreement whether the consumer purchased a GAP Waiver. The front page of the financing agreement generally indicates if it includes a GAP Waiver, and the agreement will also separately list the total amount of the GAP fees in a breakdown of the amount being financed by the consumer. Hyundai Capital also receives a copy of the consumer's finance agreement and GAP Waiver Addendum agreement from the dealer. As a result, Hyundai Capital knows which financing agreements have GAP Waiver Addendums.

23.     Throughout the term of the loan, the payoff amount includes the remaining cost of the GAP Waiver Addendum, which is included in the aggregate amount financed by the consumer when they purchase the vehicle. Thus, when a consumer prepays their vehicle loans in full, the total payoff amount to Hyundai Capital includes the full remaining cost of the GAP Waiver Addendum,

1   even though the consumer derives no benefit from paying that cost. Hyundai Capital then fails to

2   provide any credit or refund for the unearned GAP Waiver Addendum fees, despite knowing that

3   those fees are unearned because the consumer prepaid their loan and terminated the financing

4   agreement.

5         24.     Hyundai Capital knows consumers are entitled to a refund of unearned GAP fees

6   when they pay off their finance agreement early, but it collects the unearned GAP fees anyway.

7   This has enabled Hyundai Capital to collect and keep millions of dollars in unearned GAP fees that

8   rightfully belong to their consumers.

9   **C.     Plaintiff's GAP Waiver Addendum with Hyundai Capital**

10        25.     On or about January 2, 2017, Plaintiff purchased a new 2017 Hyundai Santa Fe S,

11   VIN 5NMZU3LB3HH032766, (the "Vehicle") from a dealer, Win Hyundai Carson located in

12   Carson, California. Ms. Quinn is listed as the Vehicle's purchaser on the Retail Installment Sales

13   Contract, (the "Contract").

14        26.     Ms. Quinn purchased the Vehicle for a total sale price of $42,278.64, paying

15   $8,250.00 down. The total amount financed was $30,527.55 with an interest rate of 3.59% APR,

16   paid over 71 months at $472.62 per month beginning on February 16, 2017. Thus, the loan term

17   was set to end on approximately January 16, 2023.

18        27.     As part of the Contract, Ms. Quinn purchased the optional GAP Waiver Addendum

19   for a total of $895.00. That $895.00 was included in the total finance amount.

20        28.     The GAP Waiver Addendum stated that "This [GAP] Addendum is between the

21   Customer/Borrower (You or Your) and the Dealer/Creditor (We, Us, or Our) or if the Financing

22   Contract is assigned with the assignee. This [GAP] Addendum amends the Financing Contract…

23   Although not required to do so, you elect to purchase this [GAP] Addendum for an additional

24   charge which is shown above." Ms. Quinn signed this portion of the Contract, agreeing to purchase

25   the voluntary GAP Waiver Addendum.

26        29.     The dealer, Win Hyundai Carson, then assigned the financing agreement and GAP

27   addendum to Hyundai Capital. Thus, Win Hyundai Carson is no longer a party to the agreement.

28   ///

30.     The GAP Waiver Addendum that Ms. Quinn purchased was provided by Hyundai Motor Finance, with Hyundai Motor Finance[1] listed as the creditor on that agreement at the time Ms. Quinn purchased it.

31.     The GAP Waiver Addendum also provides that the contract may be cancelled or terminated at the will of the purchaser. The GAP Waiver Addendum unequivocally states:

> YOUR RIGHT TO CANCEL: You have the unconditional right to cancel this optional [GAP] Addendum for a refund/credit of the unearned portion of the charge for this [GAP] Addendum at any time. If you cancel within 30 days of the [GAP] Addendum purchase, you will receive a full refund/credit of the [GAP] Addendum cost, provided no loss has occurred. After 30 days, you will receive a refund/credit of the [GAP] Addendum cost calculated by the Pro Rata refund method, or by the refund method as may be required by state or federal law, less a $50.00 cancellation fee, where such cancellation fee is permitted by law. Cancel fee not applicable for Ford Motor Credit borrowers only. To cancel this [GAP] Addendum and request a refund/credit, you must contact the Dealer/Creditor, in writing, at the address shown above. Any refund/credit due you will first be issued to the Dealer/Creditor and applied to any amount owed still to the Dealer/Creditor under the finance agreement. If the refund/credit is not received within 60 days of notice of cancellation, contact the Administrator shown below.

32.     Thus, the GAP Waiver Addendum required Hyundai Capital to refund the unearned GAP fees to Ms. Quinn.

33.     On approximately April 20, 2021, Ms. Quinn paid off the remaining balance on her Vehicle loan, thereby satisfying the Contract in full and cancelling the GAP Waiver Addendum contract before the full term of the loan had passed.

34.     But despite prepaying the Contract in full approximately 21 months early, Ms. Quinn did not receive a refund of a pro rata share of the $895.00 GAP fee.

35.     As a result, Hyundai Capital wrongfully retained unearned GAP fees from Ms. Quinn.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Nationwide Class"). The Class includes:

> All persons who, during the applicable statute of limitations, entered into finance agreements with GAP Waiver Addendums that were assigned to Hyundai Capital

---

[1] Hyundai Motor Finance is a trademark of Defendant Hyundai Capital America.

and who paid off their finance agreements before the end of the loan term but did not receive a refund of unearned GAP fees.

37.     Plaintiff also brings this action on behalf of herself and as a class action on behalf of the following class of consumers (the "California Subclass"):

> All persons who, during the applicable statute of limitations, entered into finance agreements in the State of California with GAP Waiver Addendums that were assigned to Hyundai Capital and who paid off their finance agreements before the end of the loan term but did not receive a refund of unearned GAP fees.

38.     The aforementioned Nationwide Class and California Subclass are referred to herein as the "Class."

39.     Excluded from the proposed Class are: (a) Defendants and their agents, officers, directors, parent companies, subsidiaries, and affiliates; (b) counsel representing Plaintiff and any person employed by counsel; and (c) any judicial officers assigned to this case and their staff.

40.     Plaintiff reserves the right to revise the definition of the Class based upon subsequently discovered information.

41.     The members of the proposed Class are so numerous that joinder of all members would be impractical. The proposed Class likely contain thousands of members. The precise number of class members can be ascertained through discovery, which will include Hyundai Capital's records.

42.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and members of the Class have been injured by the same wrongful practices of Hyundai Capital. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

43.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor her attorneys have any interests contrary to or in conflict with the Class.

44.     There are common questions of law and fact that predominate over any questions affecting only individual members of the Class, including:

a. Whether Hyundai Capital had a policy or practice of failing to refund unearned GAP Waiver Addendum fees on finance agreements assigned to Hyundai Capital;

b. Whether Hyundai Capital breached its contract with Plaintiff and the Class by failing to refund unearned GAP Waiver Addendum fees;

c. Whether Hyundai Capital was unjustly enriched;

d. Whether Hyundai Capital violated state consumer protection statutes;

e. The damages to which Plaintiff and the class are entitled.

45. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically infeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Further, individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized actions would result in varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and the court system because that would result from multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

46. Hyundai Capital has, or has access to, contact information for members of the Class which may be used for the purpose of providing notice of the pendency of this action.

///

///

///

///

///

- 9 -

## CAUSES OF ACTION
### COUNT ONE

**BREACH OF CONTRACT INCLUDING BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
**(On Behalf of Plaintiff and the Nationwide Class or, in the alternative, the California Subclass)**

47.     Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though fully set forth herein.

48.     Plaintiff and members of the Class entered into finance agreements with GAP Waiver Addendums that were assigned to Hyundai Capital.

49.     Hyundai Capital breached the terms of the contract when it assessed and failed to refund Plaintiff and the Class unearned GAP fees.

50.     Further, under the law of each of the states where Hyundai Capital does business, an implied covenant of good faith and fair dealing governs every contract. The covenant of good faith and fair dealing constrains Defendant's discretion to abuse self-granted contractual powers.

51.     This good faith requirement extends to the manner in which a party employs discretion conferred by a contract.

52.     Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

53.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes his conduct to be justified. A lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Other examples of violations of good faith and fair dealing are willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

54.     Defendant breached the covenant of good faith and fair dealing when it assessed and collected and failed to refund unearned GAP fees.

55.   Each of Defendant's actions was done in bad faith and was arbitrary and capricious.

56.   Plaintiff and members of the putative Class have performed all of the obligations on them pursuant to the contract.

57.   Lest there be any doubt, by way of this Complaint, Plaintiff hereby provides notice on behalf of herself and the putative class of her and class members' right to receive a refund under the contract.

58.   Hyundai Capital has therefore received written notice that Plaintiff and the members of the Class paid off their finance agreements early, thereby entitling them to a refund of any unearned GAP fees.

59.   Plaintiff and the members of the Class were harmed because Hyundai Capital failed to refund the unearned GAP fees after the early payoff of the finance agreements and failed to pay the interest that accrued on those unpaid amounts.

60.   Hyundai Capital is liable to Plaintiff and the members of the Class for the damages they suffered as a direct result of Hyundai Capital's collection and failure to promptly refund the unearned GAP fees, as well as the interest that accrued on those unpaid amounts.

## COUNT TWO

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
**(On Behalf of Plaintiff and the Nationwide Class or, in the alternative, the California Subclass)**

61.   Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though fully set forth herein. Plaintiff brings this claim for violation of California Business and Professions Code 17200 *et seq.* (the "UCL") on behalf of herself and the members of the class.

62.   The UCL prohibits acts of "unfair competition," including any unfair, fraudulent or unlawful business practice.

63.   California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice." Hyundai Capital's conduct violates each of the statute's "unfair," "unlawful," and "fraudulent" prongs.

- 11 -

64.     The UCL imposes strict liability. Plaintiff need not prove that Hyundai Capital intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

65.     A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

66.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

67.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

68.     Hyundai Capital committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.,* by affirmatively and knowingly misrepresenting the amount consumers owed Hyundai Capital with respect to unearned GAP fees. Plaintiff relied on these misrepresentations to her detriment.

69.     Defendant's acts and practices offend an established public policy of fee transparency in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

70.     The harm to Plaintiff and the Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

71.     Defendant's conduct also constitutes an "unlawful" act under the UCL because it also constitutes a violation of sections 1770(a)(5) and (a)(9) of the California Consumer Legal Remedies Act.

72.     Defendant's business practices have misled Plaintiff and the proposed Class and will continue to mislead them in the future.

73.     As a direct and proximate result of Defendant's unfair, fraudulent, and unlawful practices, Plaintiff and Class members suffered and will continue to suffer actual damages.

1 | Defendant's fraudulent conduct is ongoing and present a continuing threat to Class members that
2 | they continue overpaying Defendant.

3 |     74.    As a result of its unfair, fraudulent, and unlawful conduct, Defendant has been
4 | unjustly enriched and should be required to disgorge its unjust profits and make restitution to
5 | Plaintiff and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

6 |     75.    Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff and the
7 | members of the Class, on behalf of the general public, seek an order of this Court enjoining
8 | Defendant from continuing to engage, use, or employ their unfair, unlawful, and fraudulent
9 | practices.

10 |

### COUNT THREE

### VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
**(On Behalf of Plaintiff and the Nationwide Class or, in the alternative,
the California Subclass)**

14 |     76.    Plaintiff hereby repeats, realleges, and incorporates by reference each and every
15 | allegation contained above as though fully set forth herein.

16 |     77.    This cause of action is brought pursuant to the Consumers Legal Remedies Act
17 | (CLRA), California Civil Code § 1750, *et seq.* Plaintiff and each member of the proposed Class
18 | are "consumers" as defined by California Civil Code § 1761(d). Defendant's sale of GAP Waivers
19 | were "transactions" within the meaning of California Civil Code § 1761(e). GAP Waivers are a
20 | "service" within the meaning of California Civil Code § 1761(b).

21 |     78.    Defendant violated and continues to violate the CLRA by engaging in the following
22 | practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class
23 | which were intended to result in, and did result in, the sale of GAP Waiver:

24 |     a.    "Representing that goods or services have . . . characteristics . . . that they
25 | do not have" (a)(5); and

26 |     b.    "Advertising goods or services with intent not to sell them as advertised"
27 | (a)(9).

28 | ///

79.     Specifically, Defendant failed to disclose to customers that it would not refund unearned GAP fees at the time the Contract was fully paid.

80.     Hyundai Capital continues to violate the CLRA and continues to injure the public by misleading consumers about its GAP fees and by failing to refund unearned GAP fees. Accordingly, Plaintiff seeks injunctive relief on behalf of the general public to prevent Hyundai Capital from continuing to engage in these deceptive and illegal practices. Otherwise, Plaintiff, the Class members, and members of the general public may be irreparably harmed and/or denied effective and complete remedy if such an order is not granted.

81.     In accordance with Cal. Civ. Code § 1780(a), Plaintiff and the Class members seek injunctive and equitable relief on behalf of the general public for violations of the CLRA, including restitution and disgorgement.

82.     Pursuant to § 1782(a) of the CLRA, concurrent with the filing of this Complaint, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiff will move to amend her Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendant. As to this cause of action, at this time, Plaintiff seeks only public injunctive relief. Specifically, Plaintiff seeks an order enjoining Defendant from continuing to collect and failing to promptly refund unearned GAP fees after the early payoff of the finance agreement.

## COUNT FOUR

### UNJUST ENRICHMENT
**(On Behalf of Plaintiff and the Nationwide Class or, in the alternative,
the California Subclass)**

83.     Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though fully set forth herein.

///

84. To the detriment of Plaintiff and the Class, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

85. Plaintiff and the Class conferred a benefit on Defendant when they paid Defendant unearned GAP fees.

86. Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

87. Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

88. Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of herself and the Class seeks judgment in an amount to be determined at trial, as follows:

(a) For public injunctive relief, enjoining Defendant from continuing the unlawful practices set forth above;

(b) For declaratory and injunctive relief as set forth above;

(c) For an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

(d) For compensatory damages according to proof;

(e) For punitive damages according to proof;

(f) For reasonable attorneys' fees and costs of suit;

(g) For pre-judgment interest; and

(h) Awarding such other and further relief as this Court deems just, proper and equitable.

///
///
///
///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims so triable.

Dated:  October 8, 2021                                Respectfully submitted,

**EDELSBERG LAW, P.A.**

By:*/s/ Scott Edelsberg*
    Scott Edelsberg (CA Bar No. 330090)
    scott@edelsberglaw.com
    20900 NE 30th Ave, Ste. 417
    Aventura, FL 33180
    Tel: 305-975-3320
    Fax: 786-623-0915

    Jeffrey D. Kaliel (CA Bar No. 238293)
    jkaliel@kalielpllc.com
    **KALIELGOLD PLLC**
    1100 15th Street NW, 4th Floor
    Washington, D.C. 20005
    Telephone: (202) 350-4783

    Sophia G. Gold (CA Bar No. 307971)
    sgold@kalielgold.com
    **KALIELGOLD PLLC**
    950 Gilman Street, Suite 200
    Berkeley, CA 94710
    Telephone: (202) 350-4783

    *Attorneys for Plaintiff and the Putative Class*

- 16 -

21STCV37386

Electronically FILED by Superior Court of California, County of Los Angeles on 10/12/2021 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott Edelsberg (SBN 330090) EDELSBERG LAW, P.A.<br>1925 Century Park East, Suite 1700, Los Angeles, CA 90067<br>scott @edelsberglaw.com | |

TELEPHONE NO.: (305) 975-3320     FAX NO. *(Optional):* (786) 623-0915

ATTORNEY FOR *(Name):* Plaintiff, KATHERINE QUINN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012-3014
BRANCH NAME: Central District

CASE NAME:
QUINN v. HYUNDAI CAPITAL AMERICA

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **21STCV37386** |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[x] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [x] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4.  Number of causes of action *(specify):* Breach of Contract; Unfair Competition; Violation of CLRA
5.  This case [x] is   [ ] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 8, 2021

SCOTT EDELSBERG
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check one box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

For your protection and privacy, please press the Clear

| SHORT TITLE: Quinn v. Hyundai Capital America | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Quinn v. Hyundai Capital America | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

SHORT TITLE: Quinn v. Hyundai Capital America    | CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108   Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115   Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151   Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152   Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153   Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150   Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003   Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007   Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006   Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035   Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐  A6036   Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐  A6014   Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐  A6141   Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160   Abstract of Judgment | 2, 6 |
| | | ☐  A6107   Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140   Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112   Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033   Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐  A6030   Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040   Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000   Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐  A6113   Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐  A6121   Civil Harassment With Damages | 2, 3, 9 |
| | | ☐  A6123   Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐  A6124   Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐  A6190   Election Contest | 2 |
| | | ☐  A6110   Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170   Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100   Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Quinn v. Hyundai Capital America | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☑ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _October 8, 2021_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4