UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE QUINN, etc.,<br>        Plaintiff,<br><br>v.<br><br>HYUNDAI CAPITAL AMERICA,<br>        Defendant. | CV 21-08930 DSF (PDx)<br><br>Order DENYING Plaintiff's<br>Motion to Remand (Dkt. 9) and<br>GRANTING Defendant's Motion<br>to Compel Arbitration (Dkt. 13) |

   Plaintiff Katherine Quinn moves for remand.  Dkt. 9.  Defendant Hyundai Capital America (HCA) opposes, dkt. 18, and moves to compel arbitration, dkt. 13 (Compel Mot.).  Plaintiff opposes.  Dkt. 21 (Compel Opp'n).  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons stated below, the motion to remand is DENIED and the motion to compel arbitration is GRANTED.

## I. BACKGROUND

   On or about January 2, 2017, Quinn purchased a vehicle from a dealership in Carson, California.  Dkt. 13-1 (Saade-Smith Decl.) ¶ 6, Ex. A (RISC).  To finance the purchase, Quinn entered into a Retail Installment Contract with the dealership.  See RISC.  The dealership assigned its rights under the contract to HCA.  Saade-Smith Decl. ¶ 8.

   The RISC requires arbitration of any claim or dispute arising out of Quinn's purchase or financing of the vehicle.  RISC 2.  It also provides: "Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the

vehicle, to recover a deficiency balance, or for individual injunctive relief." Id.

The RISC warned that in the event of theft or damage to the vehicle resulting in a total loss, Quinn would still be liable for the amount owed under the contract not covered by the proceeds of her vehicle insurance and deductible. RISC 2. The RISC additionally stated that Quinn could purchase optional coverage for this "gap" amount. Id. Quinn elected to purchase this optional coverage ("GAP Waiver Addendum") for $895. See RISC 3–4.

On October 12, 2021, Quinn filed this putative class action in Los Angeles County Superior Court. See Dkt. 1-1, Ex. A (Compl.). Quinn alleges that although she paid off the remaining balance on her vehicle loan 21 months early, HCA refused to refund her a pro rata share of the unearned portion of the $895 she paid for the GAP Waiver Addendum. Id. ¶¶ 31–35. She further alleges that HCA also refuses to refund the unearned fee to other similarly situated individuals who purchased GAP Waiver Addendums and paid off their loans early, and that HCA wrongfully withholds "millions of dollars" in unearned GAP Waiver Addendum fees every year. Id. ¶¶ 4, 36–37. Her complaint alleges four causes of action for: (1) breach of contract; (2) violation of California's Unfair Competition Law (UCL); (3) violation of California's Consumer Legal Remedies Act (CLRA); and (4) unjust enrichment. Id. ¶¶ 47–88. HCA removed the case on November 12, 2021, alleging this Court had jurisdiction under the Class Action Fairness Act (CAFA). Dkt. 1 (NOR) ¶ 10.

## II. LEGAL STANDARD

### A. Motion to Remand

CAFA gives federal courts jurisdiction over class actions involving at least 100 class members, minimal diversity, and at least $5 million in controversy. 28 U.S.C. § 1332(d). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193,

1197 (9th Cir. 2015). In a notice of removal, the defendant need only plausibly allege that the prerequisites are met. Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 553 (2014). Once confronted with a motion to remand, however, the defendant bears the burden of establishing jurisdiction by a preponderance of the evidence. Id. at 553–54. On a motion to remand, both "parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1199-1200 (citation omitted).

B.    Motion to Compel Arbitration

"[T]he Federal Arbitration Act (FAA) makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 336 (2011) (quoting 9 U.S.C. § 2). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985); see also Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004) (If a valid arbitration agreement exists, "the court must order the parties to proceed to arbitration . . . in accordance with the terms of their agreement"). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Ferguson v. Corinthian Colleges, Inc., 733 F.3d 928, 938 (9th Cir. 2013) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983)).

III. DISCUSSION

A.    Motion to Remand

The parties dispute the amount in controversy element of CAFA jurisdiction. In determining CAFA jurisdiction, the Court "accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." Henry v.

3

Cent. Freight Lines, Inc., 692 Fed.Appx. 806, 807 (9th Cir. 2017).
"CAFA's requirements are to be tested by consideration of real evidence
and the reality of what is at stake in the litigation, using reasonable
assumptions underlying the defendant's theory of damages exposure."
Ibarra, 775 F.3d at 1198.

Quinn alleges HCA "knowingly collects and retains millions of
dollars per year in unearned fees from automobile purchasers." Compl.
¶ 4. She seeks, among other things, restitution in the amount of the
unearned fees HCA collected "during the applicable statute of
limitations." Id. ¶¶ 36–37. The statute of limitations for her UCL
claim is four years. Cal. Bus. & Prof. Code § 17208. HCA therefore
calculates the amount in controversy as at least $2 million per year
multiplied by four years, for a total of $8 million. NOR ¶ 27.

HCA properly interprets "millions of dollars" to mean at least $2
million. See Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136,
1140 (9th Cir. 2013) ("No investigation, 'subjective knowledge,' or
'further inquiry' was necessary for BMW to understand that 'hundreds,'
by definition, means at least 200."). HCA also reasonably assumes that
Quinn's "millions of dollars per year" allegation spans at least four
years. The Court therefore concludes that there is at least $8 million in
controversy for Quinn's UCL claim, which is enough on its own to
satisfy CAFA's jurisdictional requirement.[1]

B.    Motion to Compel Arbitration

Quinn first argues that because she is seeking recovery of a
"deficiency balance" and "individual injunctive relief," and because the
RISC exempts from arbitration claims to recover a deficiency balance or

---

[1] Quinn argues that HCA's "reliance on the general allegation of 'millions of
dollars' . . . does not show by a preponderance of evidence that the amount in
controversy exceeds $5,000,000." Remand Mot. 8 (quoting Manier v. Medtech
Prod., Inc., No. 14-CV-00209-GPC (NLSx), 2014 WL 1609655, at *3 (S.D. Cal.
Apr. 22, 2014). However, HCA does not rely solely on the allegation of
"millions of dollars," but on the allegation of "millions of dollars per year"
over the course of four years.

for individual injunctive relief, the Court should deny HCA's motion to compel arbitration.  <u>See</u> Dkt. 21 (Compel Opp'n) 8–11.  Quinn misreads the portion of the RISC on which she relies.  The RISC states: "Neither you nor we waive the right to arbitrate . . . by filing an action . . . to recover a deficiency balance, or for individual injunctive relief." RISC 2.  Rather than exempting Quinn's claims from arbitration, the RISC states the opposite, <u>i.e.</u>, the filing of her claims does <u>not</u> waive either Quinn's or HCA's right to arbitrate.  The Court therefore determines that the express terms of the RISC do not preclude arbitration in this case.

Quinn next argues that if the RISC does not allow her to avoid arbitration in this case, the RISC's arbitration provision is unenforceable because it is unconscionable.  <u>See</u> Compel Opp'n. 11–21. To invalidate an arbitration provision as unconscionable under California law, Quinn must show both procedural and substantive unconscionability.  <u>See</u> <u>Armendariz v. Found. Health Psychcare Servs., Inc.</u>, 24 Cal. 4th 83, 114 (2000).  With respect to procedural unconscionability, Quinn points to the fact that she was not allowed to negotiate the arbitration terms.  <u>See</u> Compel Opp'n. 12–14.  With respect to substantive unconscionability, Quinn argues that the RISC lacks mutuality because it allegedly allows HCA to avoid arbitration when it seeks recovery of a "deficiency balance" but does not allow Quinn to avoid arbitration for a similar recovery.  <u>See</u> <u>id.</u> at 14–20.

The Court agrees that the adhesive nature of the RISC establishes some degree of procedural unconscionability.  <u>See</u> <u>Ting v. AT&T</u>, 319 F.3d 1126, 1148 (9th Cir. 2003) ("A contract is procedurally unconscionable if it is a contract of adhesion, <u>i.e.</u>, a standardized contract, drafted by the party of superior bargaining strength, that relegates to the subscribing party only the opportunity to adhere to the contract or reject it.").  However, Quinn has failed to show any substantive unconscionability through a lack of mutuality.  Quinn again misinterprets the RISC.  The RISC states: "<u>Neither you nor we</u> waive the right to arbitrate . . .  by filing an action . . . to recover a deficiency balance."  RISC 2 (emphasis added).  The plain language of the contract exempts neither Quinn nor HCA from arbitration for the

recovery of a deficiency balance.  Because Quinn has failed to demonstrate a lack of mutuality in the RISC, she has failed to show the substantive unconscionability necessary to invalidate the RISC's arbitration requirement.  The Court must therefore enforce the arbitration agreement as written.  See Lifescan, 363 F.3d at 1012.

HCA requests a stay of this action pending arbitration.  Compel Mot. 22–23.  The Court grants HCA's request pursuant to 9 U.S.C. § 3.

## IV. CONCLUSION

Quinn's motion to remand is DENIED.

HCA's motion to compel arbitration is GRANTED, and the case is STAYED pending completion of the arbitration.  The Clerk is ordered to administratively close this case.  The parties are to file a joint status report every 120 days, with the first report due August 15, 2022.  Each report shall state on the cover page the date the next report is due.  If the arbitration is not completed by August 15, 2022, the parties must file a joint status report beginning on that date and continuing every four months until the arbitration is completed.  Failure to file a required joint status report may result in dismissal of this action without prejudice.  The parties must advise the Court within 30 days of issuance of the final award.

IT IS SO ORDERED.

Date:  April 7, 2022

Dale S. Fischer
United States District Judge